UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STUART FRITZ DOMINIQUE, an
individual, and on behalf of all other
similarly situated individuals

    Plaintiff,

v.                                                      Case No: 2:18-cv-231-FtM-38CM

CAPREIT, INC.,

    Defendant.

## ORDER

This matter comes before the Court upon review of the Joint Motion to Temporarily Stay All Court Deadlines By 90 Days filed on December 27, 2018. Doc. 38. The parties request the Court stay all case management deadlines in this matter for 90 days "to allow the [p]arties to negotiate a full settlement of this matter." *Id.* at 1. For the reasons stated below, the motion is granted.

On April 9, 2018, Plaintiff filed this class action case against Defendant, and filed an Amended Collective Action Complaint on June 26, 2018, alleging violations of the Fair Labor Standards Act ("FLSA"). *See* Docs. 1, 18. Plaintiff alleges Defendant failed to pay him and other employees overtime as required under the FLSA. *See* Doc. 18 ¶¶ 7-15. On November 29, 2018, the Court entered a Case Management and Scheduling Order ("CMSO") setting the deadline for Plaintiff to move for class certification for February 8, 2019; the discovery deadline for July 2, 2019; and a trial term beginning December 2, 2019. Doc. 37 at 1-2. The parties

seek to stay the CMSO deadlines for 90 days while they continue settlement discussions. Doc. 38 at 1.

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Ricks v. Allied Interstate, LLC*, No. 3:16-cv-00205-HES-PDB, 2016 WL 4505173, at *1 (M.D. Fla. July 11, 2016). This is best accomplished by the "exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 255. A stay is proper where its scope is properly limited and not "immoderate." *Ortega Trujillo v. Conover & Co. Communications, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000) (citing *CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982)).

Here, the Court finds good cause to grant the motion and stay the CMSO deadlines for 90 days. The parties are seeking the stay in order to attempt to fully settle the case, thereby rendering discovery and all other CMSO deadlines unnecessary. *See* Doc. 38 at 1. The parties state they have "agreed to engage in targeted informal discovery and settlement discussions in an effort to resolve this case[.]" *Id.* at 1-2. Further, the requested stay is limited in time and scope and not "immoderate" as the stay is limited to 90 days and for the purpose of the parties executing their informal discovery and settlement plan. *See Ortega Trujillo*, 221 F.3d at 1264. Thus, based on the totality of the circumstances and because the

parties jointly filed the motion, the Court will stay the CMSO deadlines for 90 days. The parties shall file a status report on or before **April 10, 2019.**

ACCORDINGLY, it is

**ORDERED:**

1. The Joint Motion to Temporarily Stay All Court Deadlines By 90 Days (Doc. 38) is **GRANTED**.

2. The Clerk is directed to add a stay flag to the docket.

3. The remaining deadlines in the CMSO (Doc. 37) are **STAYED** for 90 days or until further Order of the Court.

4. The parties shall file a status report with the Court on or before **April 10, 2019.**

**DONE** and **ORDERED** in Fort Myers, Florida on this 10th day of January, 2019.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record